Pearson, C.
 
 J.
 

 His Honor, in the Court below, was of opinion, that where an administrator claimed “a retainer” in respect to a bond, payable to himself, purporting to have been executed bj' the intestate, the production of the bond by the administrator, and proof of its having been executed by the intestate, was not sufficient, and the .administrator was required to offer “ other evidence of the existence of the debt.” This, as he said, “ was a rule of law .adopted to guard against the danger, that an administrator might find a bond, payable to himself, among the papers of his intestate, that had been paid, but not cancelled in his life-time,” and fraudulently attempt to set it up as a retainer.
 

 We are not aware of the existence of any such rule of law; on the contrary, -it is a rule of law, that the production of a bond, or single bill, for the payment of money, and proof of its duo execution, establishes the existence of the debt, and is sufficient to support an action upon the instrument, or to entitle the party to the benefit of it by way of set off, or retainer; and if the opposite party alleges “ payment” or other matter of discharge, the
 
 onus
 
 of proof is upo'n him.
 

 We suppose that his Honor was misled by a misapprehension of the principle, decided in
 
 Finch v. Ragland,
 
 2 Dev. Eq. 142, and
 
 Whitted v.
 
 Webb, 2 Dev. and Bat. Eq. 442, where it is held that to establish “ a voucher,” in respect to a note, purporting to have been given by the intestate to a third
 
 *109
 
 person, it is not sufficient for an administrator to produce the note and prove its due execution ; but he must prove payment by himself. The distinction is this : where an administrator claims a “ voucher,” he alleges not merely the existence of the debt, hut the further fact, that
 
 he has paid it
 
 in the course of administration; of course, the
 
 onus
 
 of proving this fact, is upon him ; hut where an administrator claims “ a retainer,” it is in the nature of a cross action, and he alleges merely the existence of a debt due to him by his intestate, and the allegation of payment, or other matter of discharge, comes by way of plea from the other side, and of course, the
 
 onus
 
 of proving the alleged payment, or matter of discharge, is upon the party alleging it.
 

 ”We assent to the suggestion, that notwithstanding an administrator is required to take an oath for the faithful discharge of his duties, he may be tempted to commit a fraud in consequence of his having free access to the papers of his intestate, and wo think that, in the present case, there were many circumstances fit to be left to the consideration of a jury, tending to show that the notes had been paid, or satisfied, in some way. But it was error to hold, that as a rule of law, the
 
 onus
 
 of proof was upon the administrator, in respect to the allegation of payment, or other matter of discharge; and wo are unable to see, in the fact of his being administrator, any ground for departing from the rule, that the production of the bond and proof of its due execution, established the existence of the debt, and entitled him to the benefit of it, in the absence of proof of payment, or other matter of discharge.
 

 Pee Cueiam, Judgment reversed, and a
 
 venire de novo.